Sweeny and Gische, JJ.,
dissent in a memorandum by Gische, J., as follows: I respectfully dissent. I do not agree with the ma *596 jority, that petitioner presented sufficient evidence of a fraudulent increase in the legal registered rent for the subject apartment, justifying the examination of the apartment’s rental history beyond the statutory four-year look-back period (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]).
Petitioner, who moved into the subject apartment in March 2007 pursuant to a one-year lease at a monthly rent of $2,000, filed a rent overcharge claim with DHCR on April 7, 2009, alleging that the owner had obtained a fraudulent increase in the legal registered rent for the apartment from $571.70 per month in July 2004 to $1,750 per month in October 2004, when a new tenant took occupancy. This allegation of fraud was supported only by a letter containing petitioner’s personal observations of the improvements to the subject apartment (IAIs) and her comparison to unidentified fixtures at a big box home improvement store. She estimated that, based upon her research and calculations, the most the improvements could have cost was $5,000. Thus, she maintains that allowing for permissible increases, the legal rent for the first vacancy tenant in October 2004 should have been $974, not $1,750. Petitioner provides no real evidence for her conclusions on value, nor does she account for labor costs or assert that she has any relevant experience qualifying her to opine on the value of the work done. Thus, whether the letter adequately details her complaints about the nature or condition of the IAIs she admits were made to the subject apartment is of no moment in concluding their value.
While acknowledging that the “look-back” period for her overcharge complaint was only four years from the filing date, petitioner argues that DHCR should nonetheless have investigated the basis for the IAI increase claimed by the owner before the four-year period because of the poor quality of the improvements.
After initially issuing an erroneous order dated April 15, 2010, dismissing petitioner’s rent overcharge complaint on the basis that the subject apartment was not rent-stabilized, DHCR, on its own initiative, reopened the proceeding after the then recent Court of Appeals decision in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), and accepted further submissions by the parties.
In its superseding order dated October 4, 2010, DHCR determined that the subject apartment was, in fact, rent-stabilized because the building was receiving J-51 benefits (see Roberts, 13 NY3d at 279-286). However, using the base date of April 7, 2005, which was four years prior to the filing date of *597 petitioner’s rent overcharge complaint, at which time the lease rent was $1,750, DHCR determined that there had been no rent overcharge. Petitioner filed a petition for administrative review which was denied by DHCR on July 19, 2011 on the basis that there was no reason to deviate from the four-year look-back rule, or put the owner to its proof as to the IAIs made over four years before the overcharge complaint was filed. The court below upheld the agency’s determination and dismissed the petition.
In general, no determination of an overcharge and no calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years preceding the filing of an overcharge complaint (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]). In order to effectuate the purpose of the four-year limitation period, the legal regulated rent is set at the base date, which is four years prior to the filing of the overcharge complaint, plus any subsequent lawful increases (Rent Stabilization Code [9 NYCRR] § 2520.6 [e], [f] [1]; 2526.1 [a] [3] [i]). The Court of Appeals culled out a common-law exception to the four-year look-back period where the rent was set by the landlord as part of a fraudulent scheme. Only where there is a “colorable” claim of fraud may the rental history outside the four-year period be examined (see Matter of Grimm v State of NY. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 364 [2010]; Thornton v Baron, 5 NY3d 175, 180 [2005]). A colorable claim of fraud requires that the tenant present something more than a mere allegation of fraud. It requires some evidence that the owner engaged in a fraudulent act or scheme more than four years prior to the tenant’s filing of the rent overcharge claim, justifying the agency’s examination of the entire rent history (Matter of Grimm, 15 NY3d at 367).
The fact that there has been a sizeable increase in the rent for the subject apartment prior to the look-back period does not, alone, support or establish that the tenant has a colorable claim of fraud. This is true even where, as here, the bump up in rent was based upon the installation of improvements to an apartment which did not require prior DHCR approval (id.). Significantly, the owner complied with all of the rent registration requirements. Accordingly, the information on which petitioner’s overcharge claim is based was known to her when she moved into the apartment in 2007, at which time she was within the four-year period permitting a challenge to the rent without having to show a fraudulent predicate.
Petitioner’s subjective belief that the IAIs could not have cost *598 more than $5,000 does not satisfy her initial burden of showing that the fraud exception to the four-year statute of limitations should be applied, requiring DHCR to review a rent charged more than four years before her overcharge complaint (Thornton v Baron, 5 NY3d at 180). A conclusory claim, without more, is insufficient for the agency to disregard the four-year look-back period established in the Rent Stabilization Law, as codified in the Rent Stabilization Code, requiring that an owner retain records relating to rents for housing accommodations for four years prior to the date of the most recent registration (CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2] [ii]). Thus, DHCR’s decision to employ the four-year look-back rule rather than the fraud exception in determining the overcharge complaint filed by petitioner had a rational basis in the record and was not arbitrary and capricious or affected by an error of law (see Matter of I. G. Second Generation Partners v New York State Div. of Hous. & Community Renewal, 284 AD2d 149 [1st Dept 2001], lv denied 98 NY2d 607 [2002]). The majority’s conclusions that petitioner’s letter triggered an inquiry eviscerates the four-year statutory rule whenever a tenant alleges fraud, even without any particularity. I do not believe that Grimm has such wide ranging implications.
Additionally, contrary to petitioner’s argument, it was not arbitrary or capricious for DHCR to draw upon its own expertise and resources in concluding that $39,000 was not an inordinate expenditure to renovate an apartment that had become vacant for the first time in 32 years. [Prior Case History: 2012 NY Slip Op 31260(U).]